The parties were married on September 12, 1969. The parties had two children, Jennifer, born January 2, 1979, and Sarah, born February 1, 1981. The record before this court reveals that the parties were farmers, and had owned their present farm for the last eleven years. The parties also owned a thirty-five acre tract of land which they leased out for approximately $1,000 per month. Testimony presented by the parties reveals that Bud was responsible for planting and harvesting the crops, and managing the day-to-day operations of the farm, while Ola was responsible for providing child care, maintaining the household and the roadside market, and managing all of the finances.
The record further reveals that the parties had been experiencing difficulties in their marriage for several years. In August 1996, Ola and Bud separated. Ola then contacted the parties' attorney, William Stern, to prepare a petition for dissolution of marriage and to draft a separation agreement ("agreement"). Evidence presented at trial revealed that Ola asked Bud to sign the agreement on several occasions before he finally agreed. Bud signed the agreement before any hearing on the petition for dissolution of marriage took place.
Both the petition for dissolution of marriage and the agreement were filed with the trial court on October 24, 1996. The portions of the agreement relevant to the instant appeal are the following:
An Introductory Recital which provides:
 WHEREAS, the parties, by the execution of this Agreement, desire to fully determine forever and completely all of the matters of separate and marital property and obligations of them as Wife and Husband; to this end the provision hereof may be incorporated into any Decree of Dissolution of Marriage or Divorce of any court of common jurisdiction. It is the intent of the parties that this Agreement is valid and binding upon the granting of a dissolution or divorce by the Court.
 Article III, Division of Property, A. Real Estate which provides in part:
 The parties are joint tenants of marital real estate all of which is awarded to the Husband free and claim [sic] of Wife.
 Article XII. Incorporation into Decree which provides:
 This Agreement will be deemed a contract by and between the parties and will exist on its own. If the court to which this Agreement is submit ted finds this Agreement acceptable, the Agreement will be attached and incorporated into the order of the said court. * * * This Separation Agreement will be valid and enforceable regard less of the filing of any proceeding for a dissolution of marriage, or divorce or any withdrawal or dismissal thereof.
On November 22, 1996, prior to the final hearing for the petition for dissolution of marriage, Ola indicated to her counsel that she was dissatisfied with the agreement. Ola then withdrew her petition for the dissolution of marriage.
On January 14, 1997, Ola filed a complaint for divorce. Bud filed a counterclaim for divorce. Then, on May 19, 1997, Bud filed a motion to adopt the previously signed agreement as the final agreement between the parties. On June 9, 1997, Ola filed a motion in opposition to Bud's motion. In her motion, Ola contended that she wished to have the real estate owned by the parties appraised for the purposes of the final agreement. She further contended that all of the real estate owned by the parties was free and clear of any mortgages or liens, and that the trial court would not be able to determine whether the agreement was fair and equitable until the value of the real estate in question was determined.
On March 30, 1998, the trial court filed a judgment entry in which it stated the following:
 Upon due consideration it is the judgment of this court and this court so finds that the motion of the defendant to adopt the separation agreement is well-taken and the same is hereby sustained. This court finds that an agreement written expressly for dissolution that expressly provides, as in the within case, that it is to survive any dismissal of dissolution and is to have independent significance, or if the parties by their conduct and performance have demonstrated an intent that is not dependant on the obtaining of a dissolution the contract may continue as a valid agreement between the two persons * * *. The court finds there was express intent that this agreement survive the dismissal and this court shall consider the agreement.
At the pretrial conference held on April 22, 1998, the trial court set the divorce hearing for June 29, 1998. The trial court then stated on the record that:
 [t]he court will also entertain evidence by either Counsel as the fairness or equitableness of the Separation Agreement which I've already ruled on as to be a valid agreement subject to any testimony as submitted to the contrary as to it being fair and equitable.
The divorce hearing commenced as scheduled. On June 29, 1998, the trial court received evidence from both parties in order to assess whether the agreement was both fair and equitable. Ola entered into evidence an appraisal that valued the real estate owned by the parties as having a total value of $326,740, while Bud entered into evidence an appraisal that valued the real estate owned by the partis at $284,760. The parties stipulated at trial that Ola could retain any and all household belongings that she wanted along with the 1987 Cadillac and the 1989 Tempo automobiles. The parties also stipulated that Bud would be awarded all of the farm equipment and the 1988 Ford truck.
On July 24, 1998, the trial court filed its final decision and judgment entry. Based upon the testimony of the parties, the trial court found that irreconcilable differences had arisen between the parties which entitled them to a divorce. The court further found that the agreement was
 valid in all respects save and except Article III, Division of Property, A. Real Estate. The court finds that the parties are both owners and have an undivided 1/2 interest in said real estate. The Court finds that Article III, Division of Property,
is unfair, unequitable and unconscionable. Therefore, Article III, Division of Property is held to be void and held for naught.
Bud filed a notice of appeal on August 19, 1998 and raises the following assignment of error for our review:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING ARTICLE III OF THE SEPARATION AGREEMENT, I.E. DIVISION OF PROPERTY; A. REAL ESTATE TO BE UNFAIR, UNEQUITABLE, AND UNCONSCIONABLE.
In his assignment of error, it appears that Bud contends that pursuant to Walther v. Walther (1995), 102 Ohio App.3d 378, the trial court had a duty to determine whether Bud's signing of the agreement was a product of fraud, duress, or undue influence. Bud further contends that in the absence of a finding of fraud, duress, or undue influence, the trial court was obliged to enforce the terms of the October 10, 1996, agreement. We find Bud's reliance on Walther to be misplaced.
In Walther, the First District Court of Appeals discussed a trial court's responsibility to determine whether separation agreements are just and equitable. The court noted that a trial court "is obligated to make a division based upon principles of equitable distribution * * *." Id. at 382 (citations omitted). But, the court also noted that "a contract does not have to be fair or equitable to be enforceable. Contracts, including settlement agreements, can be unfair or favor one side over the other." Id. at 383 (citations omitted). The court then went on to state:
 Thus, when the parties enter into an in-court settlement agreement, so long as the court is satisfied that it was not procured by fraud, duress, overreaching or undue influence, the court has discretion to accept it without finding it to be fair and equitable. Settlement agreements are favored in the law. Where the parties enter into a settlement agreement in the presence of the court, such an agreement constitutes a binding contract. (Emphasis added.)
Id. at 383 (citations omitted).
This court is not convinced Walther is applicable to the instant matter. This case is distinguishable from Walther in that, unlike the parties in Walther, the parties in the instant case did not enter into their agreement in the presence of thecourt. In fact, a hearing on the petition for the dissolution of marriage was never held. Additionally, we do not interpret Walter
as prohibiting the trial court from exercising discretion to enforce or void a separation agreement in absence of fraud, duress, or undue influence.
This court's analysis begins with R.C. 3105.10(B) (2). That statute specifically provides a trial court the authority to enforce separation agreements as follows:
 A separation agreement that was voluntarily entered into by the parties may be enforceable by the court of common pleas upon the motion of either party to the agreement, if the court determines that it would be in the interests of justice and equity to require enforcement of the separation agreement.
R.C. 3105.10(B) (2) (emphasis added).
"[T]he decision to enforce a separation agreement is a discretionary one and such decision will not be reversed on appeal absent an abuse of discretion." Schneider v. Schneider (1996),110 Ohio App.3d 487, 491, citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 "Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. * * * It is expected that most instances of abuse of discretion will result in decisions that are simply unreasonable * * *. A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process persuasive * * *.
AAAA Enterprises Inc. v. River Place Community Redevelopment Corp.
(1990), 50 Ohio St.3d 157, 161 (citations omitted).
In the instant matter, the trial court was presented with a separation agreement which would have awarded Bud all of the farm equipment and all of the marital real estate, valued somewhere between $284,000 and $326,000, and unencumbered by any mortgages or liens. The agreement would have awarded Ola only household furnishings, a 1987 Cadillac, and a 1989 Tempo. When faced with this information, the trial court determined that after twenty-eight years of marriage it would be contrary to the interests of justice and equity to require enforcement of this section of the agreement. Applying the abuse of discretion standard, we cannot say that the trial court's decision was unreasonable, arbitrary or unconscionable.
Additionally, we find that language contained within the agreement itself contemplates such action by the trial court. Specifically, Article XII. Incorporation into Decree provided that "[i]f the court to which this Agreement is submitted finds thisAgreement acceptable, the Agreement will be attached and incorporated into the order of the said court." (Emphasis added.) The inclusion of such language in the agreement makes the trial court's final and discretionary approval of the agreement a condition precedent to the incorporation of the agreement into the final divorce decree.
In declining to construe Walther as persuasive authority in this matter, we have elected instead to follow the Eleventh District Court of Appeals' reasoning in Schneider v. Schneider
(1996), 110 Ohio App.3d 487. In Schneider, the court stated:
 It is important to emphasize that a separation agreement is not ultimately binding until it is finalized. * * * When faced with the substance of the agreement, the court * * * determined that such an agreement was inequitable and unfair, and refused to enforce it. While it is our view that domestic relations courts have had inherent power to do this in the past, with the enactment of R.C. 3105.10(B) (2), the authority of a court to refuse to enforce a separation agreement under this statutory provision is clear, and nowhere in this statutory section is a finding of fraud, duress or misrepresentation required by the statute before an agreement may be invalidated.
Id. at 492 (emphasis added).
Accordingly, we find Bud's contention that because the trial court failed to find that the agreement was procured under fraud, duress, or undue influence it should have enforced the agreement not well-taken. Following Schneider, we hold that such a finding is not required in order for a trial court to void, nullify, or refuse to enforce a provision of a separation agreement. A trial court "is not required to enforce the terms of a formal separation agreement into which the parties have entered if justice and equity require it to make different orders." Neely v. Neely (Aug. 28, 1998), Montgomery App. No. CA 16721, unreported, at 13, citing R.C. 3105.10(B) (2). Accordingly, the assignment of error is overruled.
Judgment affirmed.
WALSH and VALEN, JJ., concur.