OPINION
Patricia Van Hoose appeals from a final judgment and decree of divorce of the Champaign County Court of Common Pleas, Domestic Relations Division, which divided the parties' marital assets and ordered spousal support.
The pertinent history of the case is as follows.
Patricia and Dennis Van Hoose were married on December 7, 1990. No children were born as issue of their marriage. On August 20, 1998, Mrs. Van Hoose filed a complaint for divorce. Following several continuances at Mrs. Van Hoose's request, a hearing was scheduled for May 21, 1999. That morning, with the court's permission, the parties negotiated for several hours in an attempt to reach an agreement. Mr. and Mrs. Van Hoose and their attorneys were present at this meeting. The attorneys then advised the court that they had reached an agreement, and the settlement was read into the record with the parties present. When an entry was subsequently drafted, however, Mrs. Van Hoose refused to sign it on the grounds that the entry did not reflect the parties' agreement and was unfair. After conducting a hearing about whether there was a valid reason not to enforce the agreement that was read into the record, the trial court found that the agreement should be enforced and incorporated it into the judgment entry.
Mrs. Van Hoose raises two assignments of error on appeal.
 I. THE TRIAL COURT ERRED IN ADOPTING THE JUDGMENT DECREE OF DIVORCE WHEN THE TERMS WERE NOT AGREED UPON BY THE PARTIES.
Mrs. Van Hoose contends that the trial court erred in adopting the agreement that had been read into the record because the court had not heard any testimony about whether the parties understood the agreement or whether it was fair and equitable. Mrs. Van Hoose asserts that, once she had expressed her dissatisfaction with the agreement that had been read into the record, the trial court should have proceeded as if the property and spousal support issues remained in dispute and should have scheduled an evidentiary hearing.
Settlement agreements are favored in the law. Walther v.Walther (1995), 102 Ohio App.3d 378, 383; MacNealy v. MacNealy
(Oct. 31, 1997), Clark App. No. 96-CA-125, unreported. Where the parties enter into a settlement agreement in the presence of the court, such an agreement constitutes a binding contract. Spercelv. Sterling Industries, Inc. (1972), 31 Ohio St.2d 36, 39-40. Thus, when the parties to a divorce enter into an in-court settlement agreement, the court may accept the agreement even if one party tries to repudiate it so long as the court is convinced that the agreement was not procured by fraud, duress, overreaching, or undue influence. Walther,102 Ohio App.3d at 383. Neither a change of heart nor poor legal advice is a ground to set aside a settlement agreement. Id.
A careful comparison of the settlement terms read into the record on May 21, 1999 and the entry which Mrs. Van Hoose refused to sign reveals that the written entry does reflect the agreement entered in open court. Indeed, Mrs. Van Hoose does not contend that the written entry differed from the terms presented to the court on May 21, 1999. Rather, she claims that she had been so upset by the parties' negotiations that she "didn't even know what was said in [court]" on May 21 and that, upon further reflection, she believed that she had been "duped."
Mr. and Mrs. Van Hoose were each present and represented by counsel during the negotiations and in court on May 21, 1999. After Mr. Van Hoose's attorney read the parties' agreement into the record, Mrs. Van Hoose's attorney clarified some points that he thought needed clarification and indicated that the agreement, as represented and clarified, reflected what the parties had negotiated. The trial court did not address Mr. or Mrs. Van Hoose directly regarding the settlement agreement, and neither party made a statement on his or her own behalf.
Mrs. Van Hoose would like this court to conclude that her attorney did not speak for her and that she did not assent to the agreement. We decline to do so. Mrs. Van Hoose's presence in court and her silence in response to her attorney's representations about the agreement the parties had reached served to ratify her attorney's actions. See Morr v. Crouch (1969),19 Ohio St.2d 24, 29; Siefring v. Siefring (May 23, 1997), Mercer App. No. 10-96-16, unreported. Moreover, Mrs. Van Hoose presented no evidence of fraud or other misconduct on the part of her attorney or her husband when she was given an opportunity to do so at the August 20, 1999 hearing. Her claim that she had felt overwhelmed by the negotiation process, without evidence of fraud, duress, overreaching, or undue influence, was simply insufficient to allow her to repudiate the agreement. To have permitted Mrs. Van Hoose to unilaterally repudiate the settlement agreement would have rendered the entire settlement process a nullity, even though, as we have already discussed, the in-court settlement agreement was binding. Spercel, 31 Ohio St.2d at 40.
Mrs. Van Hoose also asserts that the trial court should not have adopted the settlement agreement because it "never took testimony from the parties [about] whether the agreement was fair or equitable." The trial court was capable of determining whether the agreement was fair and equitable, however, without hearing the parties' opinions on this issue, especially where the parties had agreed upon the terms of the agreement. Moreover, we are unpersuaded that the agreement negotiated by the parties and adopted by the trial court was, in fact, unfair or inequitable, as we will discuss in more detail under the second assignment of error.
The first assignment of error is overruled.
 II. THE TRIAL COURT ERRED IN ADOPTING A FACIALLY INEQUITABLE AGREEMENT AS IT RELATES TO SPOUSAL SUPPORT AND DIVISION OF PROPERTY.
Mrs. Van Hoose claims that, even if the settlement agreement was enforceable, the trial court erred in adopting it because the agreement was "facially inequitable." Specifically, Mrs. Van Hoose claims that the property division was unfair because Mr. Van Hoose received all of the parties' real estate. We interpret this argument to be based upon R.C. 3105.171(B), which requires the trial court to "divide the marital and separate property equitably between the spouses."
It appears from the terms of the parties' settlement agreement that they owned numerous pieces of real property, but that the properties were substantially encumbered. The marital property apparently consisted of real property interests valued at $902,041.28, and the marital debts, including the mortgages on the real property, amounted to $793,687.37. Thus, the net equity in the marital assets amounted to $108,353.91. One half of the equity in the marital assets would have been $54,176.96, whereas Mrs. Van Hoose was awarded $48,000. The agreement, however, allowed Mrs. Van Hoose to reside in one of the properties and to drive one of the cars awarded to Mr. Van Hoose for several months after the agreement was entered and included the payment by Mr. Van Hoose of numerous debts, including credit cards, which the parties "construe[d] to be [Mrs. Van Hoose's] debts." Under these circumstances, it is not apparent that the division of assets was inequitable, even though it was not equal. Thus, we reject Mrs. Van Hoose's argument that the trial court approved an unfair and inequitable property division.
On the issue of spousal support, Mrs. Van Hoose cites some of the factors set forth in R.C. 3105.18(C) and, without saying so specifically, appears to contend that she was entitled to more spousal support. In response to this argument, we simply note that a trial court is not required to consider the factors set forth in R.C. 3105.18(C) where the parties have stipulated to an in-court settlement agreement. Thomas v. Thomas (1982), 5 Ohio App.3d 94,100; Pakeeree v. Pakeeree (Mar. 11, 1992), Summit App. No. 15186, unreported.
Finally, we note Mrs. Van Hoose's argument that the trial court erred in accepting the agreed upon value of the parties' twenty-two unit apartment complex or in awarding that complex to Mr. Van Hoose in the property settlement because, "[w]hile said complex appears to be a liability based on it's [sic] large debt, it is in fact, of significant value as third parties [i.e., tenants] are making the payments on the debts." We are unpersuaded by Mrs. Van Hoose's apparent conclusion that a piece of property that has the potential to earn income should not be valued by offsetting its fair market value and its encumbrances, as any other piece of property would be. Moreover, it is quite clear from the evidence about the parties' respective incomes that Mrs. Van Hoose could not have refinanced the apartment complex independent of Mr. Van Hoose. As such, it was reasonable for the trial court not to award the property to her.
The second assignment is overruled.
The judgment of the trial court will be affirmed.
GRADY, P.J. and BROGAN, J., concur.