OPINION
This is an appeal from the Trumbull County Court of Common Pleas, Domestic Relations Division. Appellant, Mary E. Huffman, appeals the trial court's judgment entry dated December 6, 2000, denying her motion to vacate.
Appellant and appellee, Norman L. Huffman, were divorced on October 20, 1999, pursuant to an agreed judgment entry, which granted the parties a divorce and divided the parties' property. The decree stipulated that the marital residence was to be sold and the equity split equally after the mortgage was paid in full. The parties also agreed to the following matters, and the trial court approved and ratified them: (1) each party would retain their own pension plans free and clear of any claim from the other party; (2) the 1988 Allegro motor home should be sold and the proceeds be split equally; (3) appellee would retain the mobile home, with a balance of $17,000, free and clear of any claim from appellant; (4) the baseball card collection with an approximate value of $9,000 shall be appraised and the proceeds split equally; and (5) appellant shall give appellee $30,000, as an additional settlement, on or before August 23, 2000.[1]
On April 26, 2000, appellee filed a motion requesting that the trial court clarify its entry regarding the former marital residence and establish a definite time to sell the former residence. A hearing on that motion was held on June 16, 2000, before a magistrate. At the hearing, an appraisal was presented, which valued the marital property at $93,000. In a decision dated June 28, 2000, the magistrate determined that appellant should place the former marital residence for sale and that she could satisfy her obligation to appellee as to the residence by paying him $33,043.47, on or before October 1, 2000.[2] On that same date, the trial court adopted the magistrate's decision. Appellant timely filed an appeal with this court from both of the June 28, 2000 entries.
Thereafter, on August 23, 2000, appellant filed a motion to vacate the October 20, 1999 agreed entry of divorce, pursuant to Civ.R. 60(B)(1) and (5). In her motion to vacate, appellant claimed that the decree failed to account for a property division as required by R.C. 3105.171(G). On September 6, 2000, appellee filed a motion in opposition to appellant's motion to vacate.
On October 25, 2000, the trial court held a hearing on appellant's motion to vacate. Appellant testified that she did not understand why she had to pay an additional settlement of $30,000. She also related that the motor home was never appraised, and she did not have $4,500 worth of baseball cards. When she was asked why she signed the agreed entry, she stated that she did not know what else to do. She explained that her attorney went over the entry with her and told her that she was "getting a good deal," so she signed it. She then took it into work where she was told by a couple of people that she did not receive a good deal and that she should find another attorney. On cross-examination, appellee's attorney questioned appellant as to the divorce hearing held in August 1999, when she was asked whether she had any questions regarding the agreement, to which she responded that she did not. Appellant admitted that after the August 1999 hearing, she understood the agreement, but then she talked to some people at work, changed her mind, and sought other counsel.
On December 6, 2000, the trial court denied appellant's motion to vacate. It is from that entry that appellant filed this appeal and now asserts the following as error:
 "The trial court erred as a matter of law and abused its discretion in denying appellant's motion for relief from judgment pursuant to Civil Rule 60(B)."
Appellant's sole contention is that the trial court erred in denying her motion to vacate. It is well-settled that in order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense if relief is granted, (2) entitlement to the relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and (3) timeliness of the motion. GTE AutomaticElec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The decision to grant or deny a motion for relief from judgment is within the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. Griffey v. Rajan (1987),33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or of judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
In the case sub judice, this court has carefully reviewed the record and it is our view that there was no abuse on the part of the trial court. Turning to the first requirement of the GTE test, appellant did not prove that she had a meritorious claim. Appellant has not set forth any operative facts to justify vacating the judgment.
At the hearing in August 1999, appellant was represented by counsel, and an agreed judgment entry was journalized. Further, at the hearing on her motion to vacate, appellant admitted that she signed the agreement on the advice of her attorney, and she later concluded that she received poor advice. Nonetheless, no evidence was presented that would suggest the existence of fraud, duress, overreaching, or undue influence in the execution of the agreed judgment entry. In fact, the record suggests that the parties met several times to negotiate the terms of their agreement. Appellant testified that all of the matters she raises in this appeal were addressed at the hearing on the motion to vacate.
In addition, a review of the entire record demonstrates the parties made a binding and enforceable agreement. What appellant perceived to be bad advice from counsel and her own haste are not meritorious claims, which would have the effect of negating the enforceability of the contract that she signed. See, generally, Walther v. Walther (1995),102 Ohio App.3d 378, 383. Appellant has failed to prove she had a meritorious claim to relief from the enforcement of the agreed judgment entry in question. Given these factual circumstances, appellant did not meet her burden of proof establishing that she had a meritorious claim to justify vacating the judgment. Therefore, we need not go any further in our analysis of appellant's Civ.R. 60(B) motion, since she did not satisfy the first requirement set forth in the GTE test. Accordingly, we conclude that the trial court properly denied the motion to vacate.
For the foregoing reasons, appellant's lone assignment of error is not well-taken. The judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.
 _____________________________________ JUDGE DONALD R. FORD
O'NEILL, P.J., CHRISTLEY, J. concur.
[1] There are other stipulations that were agreed upon by the parties, which are not the subject of this appeal, and therefore, are not mentioned.
[2] This figure represents the value of the property from the appraisal ($93,000) less the amount to pay off the mortgage which appellant paid ($26,813.06), divided by two. It is unrelated to the additional $30,000 owed to appellee.