OPINION
{¶ 1} Plaintiff-appellant Stanley M. Perko ("appellant") appeals from the divorce decree entered by the Geauga County Court of Common Pleas, Domestic Division, ending his marriage to defendant-appellee Kathleen M. Perko.
 {¶ 2} On April 7, 2000, appellant filed a complaint for divorce. Appellant and appellee married on March 10, 1981, and subsequently divorced on September 24, 1982. The parties entered into a common law marriage in December of 1982. Five children were born as issue of the marriage. On April 27, 2000, appellee answered the complaint and counterclaimed for divorce. Appellee requested the grant of a divorce, an award of spousal and child support, an equitable distribution of property, and an award of attorney's fees. On September 19, 2001, appellant withdrew his complaint and the case proceeded on appellee's counterclaim.
 {¶ 3} The parties appeared before the magistrate on September 26, 2001. An agreement negotiated by the parties was read into the record. Appellant testified that he and appellee reached the agreement. Appellant acknowledged discussing the terms with his attorney and that he agreed to the terms. Appellant agreed to be bound by the terms of the agreement. Appellant understood he could not change his mind and dispute the terms of the agreement at a later date, at least with regard to the property settlement. On October 18, 2001, the magistrate issued an order finding the parties had reached an agreement on the matter of their divorce. On October 31, 2001, the parties' attorneys signed a consent judgment, which included the settlement terms, stated that they agreed to a hearing by the magistrate, waived all rights they have under Civ.R. 53, and stipulated that the magistrate's findings of fact would be final. Appellant refused to sign, but no objections were filed.
 {¶ 4} The judgment entry, issued by the trial court on October 31, 2001, stated the parties were voluntarily entering into the agreement, were satisfied with its terms, that there had been full disclosure of the assets of each party, and that they had sought the court's approval of the terms. In the agreement, the court found that half of the marital estate equaled $595,000. The amount was determined through pre-trial discovery, consultation with experts, and stipulation and agreement of the parties. Appellee was to receive that amount as half of the marital estate. The agreement set out a payment schedule for appellant to pay appellee her share of the marital estate. As part of the agreement, appellant was ordered to pay $435.20, per child each month, in support and $2,259.20 in monthly spousal support. Appellee, the parties' attorneys, the trial judge, and magistrate signed the agreement. Appellant did not. His attorney wrote on the agreement that the entry accurately depicted the settlement agreement of the parties. Appellant did not authorize his attorney's approval of the agreement. Appellant did not comply with the terms of the order and appealed the judgment.
 {¶ 5} On January 9, 2002, this court determined the order was not final and appealable because the magistrate and trial court issued a joint decision instead of separate, distinct documents. The matter was remanded to the trial court for the sole purpose of issuing a final, appealable judgment.
 {¶ 6} On January 17, 2002, appellant filed a motion to vacate judgment for modification and revision of judgment in whole and for new trial. In the motion, appellant argued the trial court's findings are not supported by the record, particularly the transcript of the hearing held before the magistrate. Appellant pointed out what he perceived to be deficiencies in the agreement. This included discrepancies in his income, items found in other sources as certain separate property which was not identified or awarded to him as his separate property. Also, appellant claimed the failure of the court to determine the dates of the marriage was error. Appellant also disputed the award of spousal and child support.
 {¶ 7} At a hearing held January 24, 2002, regarding appellee's motion to show cause, appellant admitted he talked to his accountant, a banker, a real estate appraiser, and a business appraiser prior to the execution of the settlement agreement. Information from all of these professionals was used to formulate a financial position or offer with respect to the division of property.
 {¶ 8} On March 21, 2002, this court noted the case previously had been remanded to the trial court for lack of a final appealable order. We further explained that the remand was predicated on the fact that the appealed judgment was from a combination of a magistrate's decision and a trial court judgment. This court stated that prior holdings in other cases required separate, independent, and distinct documents. Further, the trial court's separate judgment cannot merely adopt the magistrate's decision by reference but must set forth sufficient orders so that the parties can determine their rights and liabilities without reference to another document. We also granted appellant's February 11, 2002 motion to remand the case for the trial court to rule upon his motion to vacate judgment for modification and revision of judgment in whole and for new trial.
 {¶ 9} On April 4, 2002, the magistrate issued a nunc pro tunc judgment entry setting forth the settlement agreement. The magistrate stated that the September 26, 2001 hearing was limited to a recitation of the agreement and inquiry into the parties' understanding of that agreement. The trial court then adopted the agreement of the parties, as reflected in the hearing record, finding it to be fair, just, and equitable to the parties. Appellant did not file objections to the magistrate's report of April 4, 2002. On April 8, 2002, the trial court overruled appellant's motion to vacate judgment and for a new trial. On May 16, 2002, this court determined that the trial court's nunc pro tunc judgment of April 4, 2002, resolved the jurisdictional concerns. We ordered the matter to proceed according to the rules of appellate procedure.[1]
 {¶ 10} Appellant assigns the following errors for review:
 {¶ 11} "[1.] The trial court erred in failing to require the magistrate to render and file a decision giving the parties an opportunity to file objections.
 {¶ 12} "[2.] The trial court erred in entering judgment relying solely on a transcript of testimony given before a magistrate.
 {¶ 13} "[3.] The trial court erred in making material findings and orders in the judgment entry that are not supported by the agreement and testimony presented at trial held before the magistrate.
 {¶ 14} "[4]. The trial court erred in failing to specify the dates it used in determining the meaning of `during the marriage' to identify, value and determine what constitutes separate property and in failing to disburse plaintiff's separate property to him or, on such omission, failing to make written findings of fact that explain factors considered in determining that the spouse's separate property should not be disbursed to that spouse.
 {¶ 15} "[5.] The trial court erred in failing to identify value and divide marital property equitably between the spouses.
 {¶ 16} "[6.] The trial court erred in failing to make an equitable division of marital property prior to making the award of spousal support.
 {¶ 17} "[7.] The trial court erred in failing to hold a hearing on motion to vacate and in denying such motion."
 {¶ 18} In his first assignment of error, appellant argues that the trial court erred in failing to require the magistrate to issue a separate decision, thereby allowing the parties to file objections, if they so desired. Appellant contends that the loss of his right to file objections critically damaged his case. Appellant points out that he did not sign the settlement agreement, showing he revoked his approval of that agreement.
 {¶ 19} The parties reached the agreement before the magistrate on September 26, 2001. On October 31, 2001, written consent to the hearing by magistrate was executed by appellant's attorney, appellee, and appellee's counsel. The document waived all the parties' rights under Civ.R. 53. They stipulated that the magistrate's findings of fact would be final.
 {¶ 20} Upon remand from this court, the trial court issued a separate judgment entry. The judgment entry, now separate from the magistrate's decision, made the order final as required by this court's remand. At no time in the protracted proceedings below did appellant even attempt to file objections to the magistrate's decision or ask for findings of fact and conclusions of law pursuant to Civ.R. 52. Parties to a proceeding before a magistrate may request separate findings of fact and conclusions of law under Civ.R. 52. Once such a request is made, the magistrate must include findings of fact and conclusions of law in its decision. See Burke v. Brown, 4th Dist. No. 01CA731, 2002-Ohio-6164, 2002 Ohio App. LEXIS 5985. This is because Civ.R. 53 no longer requires the magistrate to set out findings of fact sufficient to enable the trial court to make an independent analysis of the issues. Id. Appellant could have done so even with the October 31, 2001 waiver as he did not sign the document. Further, appellant certainly could have filed objections following remand when the separate magistrate's decision was rendered. Appellant had fourteen days after the filing of the April 4, 2002 magistrate's decision in which to file objections. Civ.R. 53(E)(3)(b). This is true even though the trial court adopted the decision and issued its own judgment entry the same day. Civ.R. 53(E); Hall v. Darr, 6th Dist. No. OT-03-001, 2003-Ohio-1035, 2003 Ohio App. LEXIS 991.
 {¶ 21} A trial court may adopt a magistrate's decision if no written objections are filed unless it determines there is an error of law or other defect on the fact of the decision. Civ.R. 53(E)(4). A de novo review of the magistrate's decision by the trial court is needed only if an appropriate objection is filed by a party. Quick v.Kwiatkowski, 2nd Dist. No. 18620, 2001-Ohio-1498, 2001 Ohio App. LEXIS 3437.
 {¶ 22} Because appellant did not file objections, he is barred from raising, as error on appeal, the trial court's adoption of any finding of fact or conclusion of law made by a magistrate. Ravenna PoliceDept. v. Sicuro, 11th Dist. No. 2001-P-0037, 2002-Ohio-2119, 2002 Ohio App. LEXIS 2099. Our review of the trial court's decision is then limited to a determination of whether the trial court abused its discretion in adopting the magistrate's decision. Caskey v. Lordstown Dev. Corp. (July 14, 2000), 11th Dist. No. 99-T-0034, 2000 Ohio App. LEXIS 3203. An abuse of discretion connotes more than an error of law. Rather, it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 23} Further, at the conclusion of the magistrate's hearing, appellant's attorney stated he and appellee's counsel agreed to prepare the necessary documents, obtain signatures, and submit them to the court. There was no discussion of a separate magistrate's decision or any objection raised by the parties. The invited error doctrine precludes a litigant from taking advantage of an error that he himself invited or induced. Sloe v. Russell Twp. Bd. of Zoning Appeals, 11th Dist. No. 2001-G-2369, 2002-Ohio-5150, 2002 Ohio App. LEXIS 5191. Appellant's counsel, in appellant's presence at the hearing, told the magistrate that he and opposing counsel would prepare and submit the necessary documents. Appellant cannot raise as error actions which his attorney agreed to or broached to the magistrate. Appellant's first assignment of error is overruled.
 {¶ 24} Appellant's second, third, fourth, fifth, and sixth assignments of error will be addressed collectively. Appellant maintains the trial court erred by relying solely on the transcript of the magistrate's hearing prior to entering judgment. Appellant submits that the requirements of R.C. 3105.17.1, regarding the division of marital and separate property, were ignored by the settlement agreement. Appellant states that no valuation was given for the marital or separate property owned by the parties. Appellant argues that the property division was grossly unequal and incomplete. Appellant notes that the duration of the marriage is not mentioned in either the transcript or the judgment entry. Appellant also points to certain property, which was not mentioned in the judgment entry either to award to one of the parties or for purposes of valuation, as evidence that the agreement was incomplete.
 {¶ 25} Appellant also contends that facts and agreements found within the judgment entry were not mentioned in the transcript at the time the agreement was read into the record. Specifically, appellant disputes the income statement found within the guideline worksheet attached to the judgment entry. Appellant states that the $102,000 per year figure was not presented to the magistrate. Appellant also maintains that mortgages referred to in the transcript only as mortgages are specifically stated as being on his commercial real estate in the entry. Appellant also states that there is nothing in the judgment entry determining what property is part of the marital estate and what constitutes separate property. Last, appellant states that the trial court had to equitably divide the marital property prior to awarding spousal support.
 {¶ 26} A decision to enforce a separation agreement is discretionary and will not be reversed on appeal absent an abuse of discretion. Schneider v. Schneider (1996), 110 Ohio App.3d 487. An abuse of discretion connotes more than an error of law or judgment. It implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 27} Settlement agreements are favored by law. In divorce actions, the parties can reach a settlement agreement as to the issues in lieu of litigating those issues before the domestic relations court.Walther v. Walther (1995), 102 Ohio App.3d 378. When parties enter into a settlement agreement in the presence of the court, such an agreement constitutes a binding contract. Id. So long as the court is satisfied that the settlement agreement reached by the parties was not procured by fraud, duress, overreaching, or undue influence, the court has the discretion to accept it. Id. When parties to a divorce enter into an in-court settlement agreement, the court may accept the agreement even if one party tries to repudiate it. Neither a change of heart nor poor legal advice is a reason to set aside a settlement agreement. Van Hoose v. VanHoose (Apr. 7, 2000), 2nd Dist. No. 99 CA 18, 2000 Ohio App. LEXIS 1536. A settlement agreement eliminates the necessity of judicial resolution of a controversy as the parties reached a compromise regarding their respective rights and obligations. Green v. Clair (Feb. 14, 2001), 9th Dist. No. 20271, 2001 Ohio App. LEXIS 520.
 {¶ 28} In a contested divorce proceeding, the record must contain sufficient evidence of the value of the marital assets to support a determination that the division was reasonable. Bauer v. Bauer (Apr. 2, 1981), 8th Dist. No. 42805, 1981 Ohio App. LEXIS 14005. The requirements of R.C. 3105.17.1 may be impliedly waived when the parties clearly intend their agreement to be a complete settlement of all issues to be addressed, following disclosure of the assets in existence. Pawlowski v.Pawlowski (1992), 83 Ohio App.3d 794. There is no requirement that the marital assets be divided equally in a settlement agreement. Thomas v.Thomas (1982), 5 Ohio App.3d 94. Indeed, a trial court is under no duty to assess whether the terms of a property settlement agreement are equitable. Castro v. Castro, 7th Dist. No. 99 C.A. 249, 2000-Ohio-2602, 2000 Ohio App. LEXIS 5248. After all, a party cannot assert that a court's approval of an in-court settlement is an abuse of discretion when it represents that party's bargain. Thomas, supra. However, a trial court still has an obligation to assess the voluntariness of the parties who are entering into the agreement.
 {¶ 29} In the settlement agreement at issue, the parties stated that half of the marital estate equaled $595,000, without providing any analysis of how that figure was arrived at during negotiations. Appellant is now disputing that value. However, the trial court did not have to follow the requirements of R.C. 3105.17.1 and value each marital asset or determine if an equitable division of property was achieved because the matter was no longer contested by the parties. The duration of the marriage was not material to the property division or other issues because the parties reached a settlement.
 {¶ 30} Appellant states that the court erred by using a $102,000 a year income figure because that fact was not agreed upon in court. However, appellant did agree to pay a combined monthly total of $4,000 in child and spousal support. That is the amount the judgment entry orders appellant to pay. Appellant's attorney signed the worksheet showing the $102,000 figure. Appellant admitted he knew of the $102,000 figure prior to entering into the settlement agreement. He could have objected to the amount as being incorrect at that point but chose not to do so. Appellant claimed the figure was for settlement purposes. Appellant has failed to demonstrate any prejudice by the court's inclusion of the $102,000 amount. Further, the amount is a factual finding. Appellant cannot dispute factual findings on appeal after waiving his right to file objections. We note that R.C. 3119.02 allows the court to accept or reject calculations in a worksheet prepared by the party. Therefore, the lack of appellant's signature on the worksheet is not fatal to the trial court's determination of his child support obligation. Appellant agreed, before the magistrate, to pay a certain amount in spousal and child support. The income attributed to appellant did not affect that figure, but supported the amount of the award. As to the mortgages, the judgment entry does not materially alter the in-court agreement. The addition of the term "commercial" does not appear to alter the properties referred to during the in-court settlement.
 {¶ 31} Appellant admitted he consulted his accountant, banker, a real estate appraiser, and a business appraiser before agreeing to the terms of the settlement. Indeed, he used these experts to assist in arriving at the figures and settlement terms he now disputes. Appellant had ample opportunity to object or propose different figures prior to entering into the settlement.
 {¶ 32} As stated above, appellant did not request findings of fact and conclusions of law under Civ.R. 52, and cannot now claim that the trial court's entry was inadequate for failing to identify what property was included in the value of the marital estate arrived at by the parties' negotiations. Where parties reach a settlement agreement in a dispute, they waive their right to claim error and are barred from relitigating issues involved therein. Mentor v. Lagoons Point Land Co.
(Dec. 17, 1999), 11th Dist. No. 98-L-190, 1999 Ohio App. LEXIS 6127. Appellant agreed, in open court, to the settlement he now contests on appeal. Appellant waived his right to assert error regarding the terms of his divorce by entering into the settlement agreement. Appellant's second, third, fourth, fifth, and sixth assignments of error are overruled.
 {¶ 33} In his final assignment of error, appellant argues that the trial court should have held a hearing and granted his motion to vacate judgment. Appellant asserts he is unable to meet the obligations of the settlement agreement and is insolvent.
 {¶ 34} A review of the motion in question shows that appellant made a general statement that he was requesting relief under Civ.R. 75, Civ.R. 54(B), R.C. 3105.17.1, R.C. 3105.18, Civ.R. 60(B), and Civ.R. 59. Only Civ.R. 60(B) and Civ.R. 59 are applicable to either granting relief from judgment or a new trial. The motion makes no mention of any specific provision of either civil rule or offers any supporting law. Therefore, the trial court did not err by overruling the motion without hearing as appellant did not legally support his position in any way. Appellant's brief on appeal similarly makes no citation either to Civ.R. 60(B) or Civ.R. 59 or to any applicable law. As such, the assignment of error does not comport with the dictates of App.R. 16(A). Because appellant has offered no legal argument supporting a contention that a motion for relief from judgment or a motion for new trial should have been granted, his seventh assignment of error is overruled. The judgment of the Geauga County Court of Common Pleas, Domestic Relations Division, is affirmed.
JUDITH A. CHRISTLEY, P.J., and CYNTHIA WESTCOTT RICE, J., concur.
[1] At oral argument, appellee stated she requested appellate costs. No motion asking for such has been filed. Therefore, the issue of costs will be disregarded.