DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Fulton County Court of Common Pleas regarding a settlement agreement as to the marital property division in a divorce action. Because we conclude that appellant waived his objections by entering into the subsequent settlement agreement, we affirm.
 {¶ 2} In July 2000, appellee, Tracy L. Wade, filed a divorce complaint against appellant, Timothy Wade, in Defiance County. The case was ultimately transferred to Fulton County where appellant filed a counterclaim for divorce. Over one year later, in October 2001, the parties met in open court and verbally submitted a settlement agreement. The court adopted that agreement which was to be incorporated into the final divorce decree. At some point, the parties realized that this settlement agreement failed to address appellant's Campbell Soup Company pension. Appellant refused, however, to agree to the addition of the pension division in appellee's proposed judgment entry.
 {¶ 3} In February 2002, appellant moved the court for a final judgment entry in the case, requesting that the court adopt a judgment entry which provided that appellant retain sole interest in any pension funds in his name. Appellant requested, in the alternative that the entire divorce be reopened and that certain assets and debts be reassigned to the parties. Appellee responded that the division of the pension account, which was omitted from the prior October 2001 agreement, should be determined without vacating the previous settlement agreement.
 {¶ 4} On May 6, 2002, the court conducted a hearing and indicated that since the parties disagreed as to the intent of the exclusion of the pension in the October 2001 agreement, it would set aside that agreement and reopen the entire divorce proceedings. Attorneys for the parties indicated that a second agreement had been reached to submit a QDRO awarding appellee one-half of the value accumulated during the marriage, with surviving spouse benefits. Appellant's attorney indicated that "through conversation in Chambers and also with my client, the Judgment Entry was signed under the premise that [it] was the Court's belief that if the parties could not come to an agreement that there was no meeting of the minds and therefore the agreement which was read into the record on, I believe, October 4th, of 2001, would be null and void. And the divorce would be reopened in its entirety." The court, noted appellant's "exception or your objection," adopted the second settlement agreement, and incorporated it into the final decree.
 {¶ 5} Appellant now appeals, setting forth the following sole assignment of error:
 {¶ 6} "Whether the trial court committed reversible error to the prejudice of defendant/appellant by refusing to limit post-agreement testimony solely to the division of the Campbell Soup pension plan without vacating a previously approved property settlement."
 {¶ 7} Where parties enter into a settlement agreement in the presence of the trial court, such an agreement constitutes a binding contract. Walther v. Walther (1995), 102 Ohio App.3d 378, 383, citing toSpercel v. Sterling Industries, Inc. (1972), 31 Ohio St.2d 36, paragraph one of the syllabus. "In the absence of fraud, duress, overreaching or undue influence, or of a factual dispute over the existence of terms in the agreement, the court has the discretion to adopt the settlement as its judgment." Walther, supra. The term "abuse of discretion" connotes more than a mere error of judgment or of law; rather, it implies that the court's ruling was arbitrary, unreasonable, or unconscionable. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 8} "To avoid a contract on the basis of duress, a party must prove coercion by the other party to the contract. It is not enough to show that one assented merely because of difficult circumstances that are not the fault of the other party." Blodgett v. Blodgett (1990),49 Ohio St.3d 243, 246; see, also, Johnsen v. Johnsen (Feb. 28, 1996), Summit App. No. 17345 (affirming trial court's denial of motion to vacate divorce decree incorporating parties' settlement agreement, where the appellant alleged "duress" imposed by her own attorney). An allegedly improper ruling by a lower court will not constitute grounds for breaking a binding contract. Yatsko v. Yatsko (July 29, 1998), Medina App. No. 2681-M. Where parties have voluntarily entered into an agreement, they cannot later attack it "merely because they were personally motivated by a ruling they believed to be in error." Id. Likewise, where parties enter into a settlement agreement in the presence of a court, "neither a change of heart nor poor legal advice is a ground to set aside a settlement agreement." Vasilakis v. Vasilakis (June 20, 1996), Cuyahoga App. No. 68763.
 {¶ 9} In the instant case, the court determined that the original agreement should be set aside because of a factual dispute between the parties as to the exclusion of appellant's Campbell Soup pension from that agreement. Nothing in the first agreement even referred to that pension. Consequently, we cannot say that the trial court abused its discretion in ruling that it would set aside the October 2001 settlement agreement based upon a lack of a "meeting of the minds" of the parties.
 {¶ 10} Despite his alternative request to the trial court to vacate the original agreement, appellant now contends on appeal that the trial court should have upheld the original agreement and then considered the division of the pension by itself. Upon a review of the record, we conclude that the court essentially provided the parties with two choices: reopen the entire divorce proceedings for renegotiation or submit their own agreement. Despite his "objection" to the court's initial ruling, appellant chose to agree to the second settlement, presumably to avoid both the expense and delay of reopening the entire case. If appellant wanted to challenge the court's ruling, he could have simply refused to enter into a settlement and then appealed the decision, if desired. In our view, appellant waived any objections to the trial court's ruling by voluntarily entering into the second settlement agreement incorporating a QDRO.
 {¶ 11} Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 12} The judgment of the Fulton County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
Peter M. Handwork, P.J., Richard W. Knepper, J., and George M.Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.