DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from the grant of summary judgment issued by the Fulton County Court of Common Pleas, Probate Division, regarding the alleged *Page 2 
concealment of assets in an estate administered by appellee. Because we conclude that summary judgment was proper, we affirm.
 {¶ 2} Appellant, Richard Joseph Thatcher, is one of seven sibling heirs to the estate of Richard J. Thatcher, Sr., whose estate was opened for administration in March 2006. In June 2006, an inventory and appraisal was filed and a hearing was conducted. Kathy Garza, a beneficiary under the decedent's will, filed exceptions to the inventory, based upon "fraud and concealment of assets." A "Report of Newly Discovered Assets" was then filed with the court. After lengthy negotiations, all beneficiaries signed consent agreements, dated July 20 and 21, 2006. These agreements were filed on July 24, 2006 and accepted by the court and stated:
 {¶ 3} "The undersigned, legatees named in the Last Will and Testament of Richard James Thatcher, Deceased, and decedent's heirs at law, do hereby consent to the court's approval of the Report of Newly Discovered Assets filed herewith and waive any further exceptions to the Inventory and Appraisal filed in this estate and agree to the approval of the Inventory and Appraisal as augmented by said Report of Newly Discovered Assets."
 {¶ 4} In September 2006, appellant filed an ancillary action in the probate court, a complaint for concealment of assets, against appellee, James A. Thatcher, co-executor of the estate. Appellant alleged that certain items were missing from the inventory in his father's estate. After some discovery and interrogatories, appellee filed a motion for *Page 3 
summary judgment, arguing that appellant was unable to support his complaint with verifiable evidence and that the complaint had been filed out of "spite."
 {¶ 5} On November 20, 2006, the co-executors filed a partial accounting in the primary estate case. On December 6, 2006, appellant filed exceptions to this accounting in that case, again raising the issue of missing assets in the inventory and objecting to certain attorney fees and other conduct by the executor, James A. Thatcher.
 {¶ 6} The court conducted a hearing on the summary judgment motion on January 11, 2006, along with appellant's exceptions to the accounting. The court granted summary judgment to appellee, stating that it had reviewed various waivers and rulings from the main estate case, which had been filed in support of the summary judgment motion. The court determined that there was no material issue of fact, granted appellee's motion for summary judgment, and "dismissed" the complaint for concealment of assets.
 {¶ 7} Appellant now appeals from that judgment, arguing the following sole assignment of error:
 {¶ 8} "The trial court's decision to grant appellee summary judgment and dismiss the complaint for concealing assets was error because genuine issues of material fact exist which justify a trial on those issues."
 {¶ 9} The standard of review of a grant or denial of summary judgment is the same for both a trial court and an appellate court. Civ.R. 56(C);Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, *Page 4 
transcripts of evidence in the pending case, and written stipulations of facts, if any, * * * show that there is no genuine issue as to any material fact" and, "construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law." Civ.R. 56(C).
 {¶ 10} A motion for summary judgment first compels the moving party to inform the court of the basis of the motion and to identify portions in the record which demonstrate the absence of a genuine issue of material fact. Civ.R. 56(C); Dresher v. Burt (1996), 75 Ohio St.3d 280, syllabus, limiting Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus. If the moving party satisfies that burden, the nonmoving party must then produce evidence as to any issue for which that party bears the burden of production at trial.Dresher, supra, at 293. Finally, it is well established that an appellate court reviews summary judgments de novo; we review such judgments independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711.
 {¶ 11} Under well-known and accepted contract principles, "when parties enter into an in-court settlement agreement, so long as the court is satisfied that it was not procured by fraud, duress, overreaching or undue influence, the court has the discretion to accept it without finding it to be fair and equitable. Settlement agreements are favored in the law. Where the parties enter into a settlement agreement in the presence of the court, such an agreement constitutes a binding contract. * * * Neither a change of heart nor poor *Page 5 
legal advice is a ground to set aside a settlement agreement."Walther v. Walther (1995), 102 Ohio App.3d 378, 383.
 {¶ 12} In this case, during the main estate proceedings, appellant had the opportunity to file exceptions to the inventory initially filed. He did not file his own exceptions and, ultimately, signed a consent agreement which was the product of negotiations between the beneficiaries and the co-executors. Each beneficiary, including appellant, signed the agreement to consent to the inventory of assets, as augmented by the newly discovered assets report, and to waive any further exceptions to the inventory and appraisal. This signed agreement and a subsequent inventory were filed with and accepted by the trial court.
 {¶ 13} Appellant does not argue that his consent to accept the inventory and waive his right to file further exceptions was procured by fraud, duress, overreaching or undue influence. Rather, appellant apparently again became dissatisfied, was still disgruntled about allegedly missing assets, and chose to file a complaint in an attempt to again challenge the inventory of assets. Under basic contract principles, however, appellant's undisputed consent and waiver regarding the inventory assets is binding. Thus, although appellant may disagree with appellee as to what assets should have been included in his father's estate inventory, the consent agreement bars any further challenges to the inventory. Therefore, because no material facts remain in dispute and appellee was entitled to judgment as a matter of law, we conclude that summary judgment was proper.
 {¶ 14} Appellant's sole assignment of error is not well-taken. *Page 6 
 {¶ 15} The judgment of the Fulton County Court of Common Pleas, Probate Division, is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Fulton County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., William J. Skow, J. CONCUR. *Page 1