[Cite as *Watts v. Watts*, 2014-Ohio-665.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| FREDA M. WATTS | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2013 AP 08 0033 |
| LARRY D. WATTS | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil appeal from the Tuscarawas County
                             Court of Common Pleas, Domestic
                             Relations Division, Case No. 2012 TM 02
                             0052

JUDGMENT:                    Affirmed

DATE OF JUDGMENT ENTRY:      February 21, 2014

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

ERICK BAUER                         TRAVIS COLLINS
204 W. High Avenue                  P.O. Box 271
New Philadelphia, OH 44663          Cadiz, OH 43907

*Gwin, P.J.*

{¶1} Appellant appeals the July 10, 2013 judgment entry of the Tuscarawas County Court of Common Pleas, Domestic Relations Division, overruling his objections to the magistrate's decision, granting a divorce, and adopting the magistrate's decision as the final orders of the trial court.

*Facts & Procedural History*

{¶2} Plaintiff-appellee Freda M. Watts filed a complaint for divorce on February 6, 2012, alleging gross neglect of duty and extreme cruelty. After Defendant-appellant Larry D. Watts filed an answer and the parties attempted to settle the case at mediation, a hearing was conducted by a magistrate on March 7, 2013.

{¶3} At the March 7, 2013 hearing, the parties informed the magistrate they had reached a settlement agreement in the case. The magistrate and counsel for each party extensively detailed the agreement of the parties. The magistrate stated, "as I understand it, the parties are agreeing that the grounds will be living separate and apart for more than one year." Appellant confirmed this was his understanding of the agreement and that he was entering the agreement of his own free will. Subsequently, the magistrate inquired again of both appellee and appellant. Both appellee and appellant confirmed what they heard read into the record was the full agreement, they had all questions answered to their satisfaction, they were satisfied with the terms of the agreement, and each was entering into the agreement of their own free will. Both appellee and appellant confirmed they had been living separate and apart without cohabitation for at least one year as of the date of the hearing. At the hearing, appellant and appellee waived their right to object to the magistrate's decision.

{¶4} On March 27, 2013, appellant filed pro se objections to the magistrate's decision and stated that because no evidence, testimony, or facts were given at the March 7, 2013 hearing, the magistrate's decision should be vacated. Appellant filed an additional pro se letter with the trial judge on April 2, 2013, again expressing his concern about the lack of evidence as to the grounds for the divorce. The trial court held an oral hearing on April 8, 2013. The trial court indicated a judgment entry had not yet been completed by the magistrate, so any objections to the magistrate's decision were premature.

{¶5} The magistrate entered her decision on May 21, 2013. The judgment entry indicated that "after several hours of negotiations, the parties reached a full and final settlement of all matters concerning their divorce." The magistrate detailed the full agreement made by the parties, including the parties' agreement the divorce would be granted on the grounds of living separately and apart for one year without cohabitation. The agreed judgment entry was approved and adopted by the magistrate in the judgment entry.

{¶6} Appellant filed his objections to the magistrate's decision on June 3, 2013. Appellant argued the magistrate told the parties a divorce would be granted by the end of the day unless appellee "was chained to her bed" and the magistrate told each party she would only allow them 3.5 hours to present their case at trial. In appellant's objections, he states that he "participated in negotiation of all issues in this matter, including the grounds for divorce, but [appellant] believes he should have been given the opportunity to present evidence on the grounds for the divorce." Appellant requested that he be allowed to present his evidence on the grounds for divorce. The

trial court held an oral hearing on appellant's objections on June 24, 2013 and let each appellant and appellee testify. Appellant testified he maintained a cohabitable residence since appellee left the home and requested the trial court dismiss the divorce action. On June 26, 2013, the trial court took appellant's objections under advisement to allow the trial court to review a written response by the magistrate and to review the audio recording of the March 7, 2013 hearing.

{¶7} The magistrate filed a written response on July 5, 2013. The magistrate confirmed she declined to continue the trial in March of 2013. The magistrate specifically denied forcing the parties into making any agreements, but did point out the reality that there was not unlimited time available for trial and counsel should use their time wisely. Further, since both parties admitted to living separate and apart for more than one year, there would need to be significant evidence of involuntariness and she would likely grant the divorce on those grounds and, as such, she suggested the parties continue to negotiate a settlement on all of the issues. The magistrate also stated trial counsel for appellant indicated if appellee told appellant it was her free will to live separately, appellant would be satisfied with the grounds for divorce. The magistrate recalled appellee told appellant on the day of the trial it was her own decision to live separately. The magistrate stated she detailed the settlement agreement on the record, appellant asked relevant questions, clarified information, appeared to have a clear understanding of the agreement, and did not raise the issue of grounds for the divorce during the March 2013 hearing.

{¶8} The trial court issued a judgment entry on July 10, 2013. The trial court overruled appellant's objections to the magistrate's decision and adopted the findings of

fact, conclusions of law, and agreement of the parties in the magistrate's May 21, 2013 decision. The trial court found the marriage was terminated upon the grounds that the parties were living separate and apart for one year. Further, that both appellant and appellee fully, completely, knowingly, intelligently, and voluntarily entered into the settlement agreement as evidenced by the May 21, 2013 magistrate's decision.

{¶9} Appellant appeals the July 10, 2013 judgment entry of the Tuscarawas County Court of Common Pleas, Domestic Relations Division, and assigns the following as error:

{¶10} "I. THE TRIAL COURT ERRED IN FINDING THAT THE APPELLANT VOLUNTARILY ENTERED INTO A SEPARATION AGREEMENT WHERE THE MAGISTRATE ANNOUNCED TO APPELLANT PRIOR TO THE FINAL EVIDENTIARY HEARING THAT SHE WOULD GRANT A DIVORCE BY THE END OF THE DAY UNLESS APPELLANT ESTABLISHED THAT HIS WIFE HAD BEEN CHAINED TO A BED FOR THE LAST YEAR."

I.

{¶11} Appellant contends the trial court erred in overruling his objections to the magistrate's decision because the actions and announcements of the magistrate displayed a disregard for the rule of law and created a state of duress in the mind of appellant. In support of his argument, appellant asserts the magistrate, while the parties were off the record, told the parties a divorce would be granted by the end of the day unless the evidence demonstrated appellee was chained to her bed and that the magistrate improperly limited appellant's time for trial. In support of his argument, appellant cites the Iowa case of *Hitchcock v. Hitchcock*, 265 N.W.2d 599 (Iowa 1978) in

which the court recognized the trial court judge could be the cause of duress that forced a party into a settlement agreement. We disagree with appellant.

{¶12} In this case, appellant entered into the settlement agreement in the magistrate's presence. "Where the parties enter into a settlement agreement in the presence of the court, such an agreement constitutes a binding contract." *Jackson v. Jackson*, 5th Dist. Richland No. 12CA28, 2013-Ohio-3521, quoting *Tyron v. Tyron*, 11th Dist. Trumbull No. 2007-T-0030, 2007-Ohio-6928. "The enforceability of an in-court settlement agreement depends on whether the parties have manifested an intention to be bound by its terms and whether these intentions are sufficiently definite to specifically enforced." *Id.* Absent fraud, duress, overreaching, or undue influence, a settlement agreement entered into by parties in a divorce is enforceable, if the parties intended to contract on its essential terms and intended to be bound by its terms. *Walther v. Walther*, 102 Ohio App.3d 378, 657 N.E.2d 332 (1st Dist. 1995).

{¶13} The Supreme Court of Ohio has held that, "[t]o avoid a contract on the basis of duress, a party must prove coercion by the other party to the contract. It is not enough to show that one party assented merely because of difficult circumstances that are not the fault of the other party." *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 551 N.E.2d 1249, syllabus (1990). Three elements are common to situations were duress has been found to exist: (1) one side involuntarily accepted the terms of another; (2) circumstances permitted no other alternative; and (3) said circumstances were the result of the coercive acts of the opposite party. *Id.* at 246. Dissatisfaction with or general remorse about consenting to a settlement agreement does not constitute duress. *Murray v. Murray*, 6th Dist. Lucas No. L-09-1305, 2011-Ohio-1546.

{¶14} We first note there is a question of whether someone other than the other party to the contract can assert duress sufficient to avoid a settlement agreement. *Maury v. Maury*, 7th Dist. Carroll No. 06CA837, 2008-Ohio-3326. However, even if Ohio recognized this theory of third-party duress, appellant would not prevail. Our review reveals nothing in the record indicating appellant was coerced or pressured into consenting to the settlement agreement. Appellant explicitly and repeatedly represented to the court that he agreed to the settlement and he repeatedly assented to the terms of the settlement on the record and thus did not involuntarily accept the terms of the settlement agreement as required for duress. Twice during the March 7, 2013 hearing, appellant confirmed he was entering the agreement of his own free will. Also at the March 7, 2013 hearing, appellant confirmed the agreement as discussed and read into the record was the full agreement of the parties, all his questions were answered, and he was satisfied with the terms of the agreement. Further, that he understood as part of the agreement the grounds for divorce would be that the parties lived separate and apart for longer than one year. Both appellant and appellee testified they had been living separate and apart for at least one year as of the date of the March 2013 hearing. In his objections to the magistrate's decision, appellant admits he participated in the negotiations of all issues in the settlement agreement. In her response to the trial court, the magistrate indicated appellant asked relevant questions during the March 2013 hearing and appeared to have a clear understanding of the settlement agreement. The transcript reflects that both parties were examined under oath, acknowledged they had resolved all of the issues in the case, and that they understood and agreed to the settlement agreement of their own free will.

**{¶15}** There is no evidence appellant was prevented from demanding a trial if he was not in agreement with the parties' resolution of the issues and thus he had an alternative to the settlement agreement. In his objections to the magistrate's decision, appellant admits he participated in the settlement but wanted to present evidence on the grounds for the divorce. While the magistrate states she did inform counsel and the parties they would have a limited amount of hours to present their case, there is no indication that the evidence appellant sought to present would exceed this allotted time, especially since it related to only one aspect of the settlement agreement.

**{¶16}** We further do not agree with appellant's contention that he was subjected to duress by the magistrate when she merely informed appellant that she would likely grant the divorce on the grounds of living separate and apart for one year since both parties admitted to living separate and apart for over one year. As noted above, appellant had the opportunity to present evidence on this issue if he so chose.

**{¶17}** Finally, though appellant contends the magistrate told him she would grant the divorce by the end of the day unless he could show appellee was chained to the bed for the last year, such a statement does not appear in the record in this case. Accordingly, we presume the validity of the lower court's proceedings. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

**{¶18}** We find there is no evidence appellant was under any coercion which would constitute the kind of duress necessary to invalidate the consent agreement. There was a meeting of the minds regarding the terms of the agreement to which both parties agreed in open court. That agreement is binding on the parties and the trial court did not err in adopting it as its judgment in this case.

{¶19} Based on the foregoing, appellant's assignment of error is overruled. The July 10, 2013 judgment entry of the Tuscarawas County Court of Common Pleas, Domestic Relations Division, is affirmed.

By Gwin, P.J.,

Wise, J., and

Baldwin, J., concur