[Cite as *May v. May*, 2022-Ohio-4091.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| MICHAEL MAY | : | Hon. Earle E. Wise, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2022 CA 00050 |
| VIRGINIA MAY | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of Common Pleas, Case No. 2020 DR 382

JUDGMENT:     Reversed and Remanded

DATE OF JUDGMENT ENTRY:     November 17, 2022

APPEARANCES:

For Plaintiff-Appellee                     For Defendant-Appellant

JEFFREY JAKMIDES                 RAYMOND BULES
325 East Main Street                101 Central Plaza South, Ste. 1200
Alliance, OH 44601                 Canton, OH  44702

*Gwin, J.,*

{¶1}   In this post-divorce action, appellant Virginia A. May ["Wife"] appeals the March 31, 2022 Judgment Entry of the Stark County Court of Common Pleas, Domestic Relations Division issuing a division of property order concerning its prior award of the marital residence to the Wife as agreed by the appellee, Michael W. May ["Husband"] in the parties Separation Agreement, and ordering Wife to divide the proceeds of the sale of the residence with Husband.

*Facts and Procedural History*

{¶2}   The parties were divorced on January 15, 2021 by Decree of Divorce.  The entry finalized an agreement entered upon the record November 19, 2020.  The Decree of Divorce provided,

> This Court further finds that the parties have entered into a complete agreement with respect to all previously contested matters.  Both parties consented to all of the terms of such agreement, in open Court.   The Court having had an opportunity to review the terms of the parties' agreement finds that the parties' agreement with respect to all financial issues in the within action is fair and equitable to each of the parties…Both parties stipulated to this in open Court and the Court, having conducted an independent review, concurs.

*Judgment Entry/Decree of Divorce*, filed Jan 15, 2021 at 1-2.

{¶3}   The Decree of Divorce further contained the following agreement regarding the marital property,

Defendant Virginia A. May shall retain all right, title and interest in and to the real property located at 5305 Aster Avenue, N.E., Canton, Ohio 44705 as her sole property, free and clear of any claim of Plaintiff with respect thereto. Upon the filing of the within Judgment Entry, Plaintiff shall execute a Quit Claim Deed transferring to Defendant all of his right, title and interest in and to the aforesaid real property. Such Deed shall be escrowed with Plaintiff's attorney until the closing of a refinancing transaction, by Defendant, with respect to all mortgage loans secured by the aforesaid real property. Within six months following the filing of the within Judgment Entry, Defendant shall close a refinancing transaction with respect to all mortgage loans secured by the aforesaid real property, for the purpose of removing Plaintiff from all liability with respect thereto. In the course of such refinancing transaction, Plaintiff's counsel shall transfer to the closing agent with respect to such refinancing transaction, Plaintiff's executed Quit Claim Deed.

In the event that, within six months following the filing of the within Judgment Entry, Defendant has not closed the aforesaid refinancing transaction, this Court shall retain continuing jurisdiction over the ultimate disposition of the aforesaid real property and, in such event, either party may file a motion with this court in order to invoke such continuing jurisdiction. Within thirty days following November 19, 2020, Plaintiff shall vacate the real property located at 5305 Aster Avenue, N.E., Canton, Ohio 44705, and Defendant, thereafter, shall have exclusive possession of the

aforesaid real property, subject to this Court's continuing jurisdiction in the event that the aforesaid refinancing transaction cannot be closed by the date specified in the within Judgment Entry.

*Judgment Entry/Decree of Divorce* at 2.

{¶4} At the time of the divorce, the financial affidavit of Husband indicated the home had zero equity. T at 20-21; Defendant's Exhibit G. The Wife's financial affidavit indicated approximately $9,800 in equity. T. at 25; Defendant's Exhibit H. The Stark County Auditor's value of the property was $184,800. T. at 25, 63; Defendant's Exhibit F. Husband's comparative market analysis listed the value of the home at $214,800. T. at 24-25; Defendant's Exhibit E.

{¶5} Husband vacated the residence on December 4 or 5, 2020. T. at 54. Husband executed a quit claim deed to Wife on January 29, 2021. T. at 23; Defendant's Exhibit B. Husband made no mortgage payments subsequent to the divorce. T. at 66. Husband contributed no services or money toward improving the property subsequent to the divorce. T. at 55. Husband agreed that he took no interest in the property after the divorce. T. at 67. Husband further testified that once the divorce was finalized, "It wasn't my house." T. at 69.

{¶6} Wife worked to improve the property subsequent to the divorce. The trial court found that Wife had expended $19,000.00 of her own funds to improve the real estate's value. *Findings of Fact, Conclusions of Law and Decision, re: Disposition of Marital Residence,* filed Mar 31, 2022. [Docket Entry No. 66]. The trial court further found that Wife contributed 560 hours of work on the property which when valued at the minimum wage rate of $8.80 per hour amounted to a total contribution of $4,928.00. Id.

**{¶7}** Wife testified that she had been granted a Covid-19 forbearance on the mortgage. Under this program, Wife testified that she made mortgage payments of $300 on March 10, 2021, $250.00 on April 9, 2021, $1,180.67 on April 27, 2021 and $1,180.67 on May 24, 2021. T. at 17-18.

**{¶8}** Sometime in early to mid-July, 2021 while perusing a realtor's online listings, Husband discovered that the property had been listed for sale. T. at 55. He later determined that a sale of the home was either pending or contingent. T. at 56. Husband testified that he took no action at that time. Id.

**{¶9}** The home was sold within one week of being listed for sale. T. at 5. However, the closing was not scheduled until August 30, 2021. See, Plaintiff's Exhibit's 12; 15. The home sold for $260,500. T. at 64; Defendant's Exhibit L. The mortgage was paid off on August 30, 2021. Id. The net proceeds of the sale were $65,569.99. T. at 6.

**{¶10}** On August 16, 2021, Husband filed a one paragraph motion captioned, "Plaintiff's Motion to Invoke Court's Continuing Jurisdiction Over the Sale of Real Property/ Motion for Order Dividing Real Estate Sale Proceeds" together with a notice of an August 16, 2021 hearing date. No motion to stay the sale, or the closing was filed by Husband or issued by the trial court.

**{¶11}** By Judgment Entry filed August 20, 2021, the trial court granted the Husband's motion and scheduled the motion for an evidentiary hearing on November 12, 2021. [Docket Entry No. 47]. The court did not issue an order to stay the sale of the house or the closing scheduled for August 30, 2021.

**{¶12}** The hearing took place upon the arguments of counsel before a magistrate on November 12, 2021. At the conclusion of the hearing, the magistrate dismissed Husband's motion finding,

> After considering oral arguments of counsel, the court will focus on the interpretation of the language in the divorce decree; The decree gives wife sole title and interest in the jointly owned real property; the decree orders that the wife shall refinance the mortgage in her name within 6 months and, if she does not, then the court has continued jurisdiction to consider what to do with the house; The intent of that paragraph was to ensure that the property could be sold, and the mortgage could be paid off; In that way, Husband would not be "harmed" by remaining responsible for his portion of the mortgage owed; The court does **not** believe that the intent of the language was to ensure that if Wife went ahead and sold the house, paid off the mortgage through the sale, and made a profit, that Husband would then have the right to a portion of that profit; Therefore, Husband's motion for an order to divide the sale proceeds of the home, which is Wife's asset, will be dismissed.

*Judgement Entry Magistrate's Decision,* filed November 15, 2021 at 2 (emphasis added). [Docket Entry No. 50].

**{¶13}** Husband filed objections to the magistrate's decision on November 29, 2021. [Docket Entry No. 52]. Husband additionally filed a motion for relief from judgment under Civ.R. 60(B)(4). [Docket Entry No. 53]. Wife filed a response to Husband's objection and the motion on December 13, 2021. [Docket Entry No. 54; 55].

**{¶14}** The trial court denied Husband's motion for relief from judgment; however, the trial court reversed the decision of the magistrate and set the matter for an evidentiary hearing. *Judgment Entry,* filed January 13, 2022. [Docket Entry No. 56].

**{¶15}** The evidentiary hearing took place on March 24, 2022. The trial court held that the award of the home to Wife free and clear of any claim by the Husband was contingent upon the Wife's refinancing the home within six months, and that by failing to do so she triggered the contingency. Therefore, the Decree required the court to distribute the asset pursuant to R.C. 3105.171. The trial court concluded that Wife was entitled to receive the value of her labor and expenditures which contributed to net proceeds, but that the balance of the proceeds of $41,641.99 would be equally divided between the parties.

### Assignment of Error

**{¶16}** Wife raises one Assignment of Error,

**{¶17}** "I. THE TRIAL COURT ERRED IN DIVIDING THE PROCEEDS OF THE SALE OF PROPERTY WHICH WAS AWARDED TO THE APPELLANT FREE AND CLEAR OF ANY CLAIM BY APPELLEE AND QUITCLAIMED TO THE APPELLANT BY THE APPELLEE, WITH THAT QUITCLAIM RECORDED AND ALL CLAIM OF APPELLEE TO THE PROPERTY COMPLETELY EXTINGUISHED PRIOR TO THE SALE.

### Standard of Review

**{¶18}** After a divorce has been granted, the trial court is required to equitably divide and distribute the marital estate between the parties and thereafter consider whether an award of sustenance alimony would be appropriate. *Teeter v. Teeter*, 18 Ohio

St.3d 76, 479 N.E.2d 890(1985), *citing Wolfe v. Wolfe*, 46 Ohio St.2d 399, 350 N.E.2d 413(1976). The trial court is vested with broad discretion in determining the appropriate scope of these property awards. *Berish v. Berish,* 69 Ohio St.2d 318, 432 N.E.2d 183(1982). Although its discretion is not unlimited, it has authority to do what is equitable. *Cherry v. Cherry*, 66 Ohio St.2d 348, 355, 421 N.E.2d 1293, 1298(1981). A reviewing court should measure the trial court's adherence to the test, but should not substitute its judgment for that of the trier of fact unless, considering the totality of the circumstances, it finds that the court abused its discretion. Section 3(B), Article IV of the Ohio Constitution; App.R. 12; *Briganti v. Briganti*, 9 Ohio St.3d 220, 222, 459 N.E.2d 896, 898 (1984); *Kaechele v. Kaechele*, 35 Ohio St.3d 93, 94, 518 N.E.2d 1197, 1199(1988). "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219,450 N.E.2d 1140, 1142(1983).

{¶19} As an appellate court, we review a trial court's decision upon post-decree motions under a standard of review of abuse of discretion. *See, Kager v. Kager*, 5th Dist. Stark No. 2001CA00316, 2002-Ohio-3090, *citing Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988); *Murray v. Murray*, 5th Dist. Licking No. 01-CA-00084, 2002-Ohio-2505. An abuse of discretion can be found where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick,* 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; In *re Guardianship of S .H.*, 9th Dist. Medina No. 13CA0066–M, 2013–Ohio–4380, ¶ 9; *State v. Firouzmandi,* 5th Dist. Licking No. 2006–CA–41, 2006–Ohio–5823, ¶54.

**Issue for Appellate Review:** *Whether the domestic relations court's decision awarding Husband a share of the proceeds from the post-decree sale of the marital residence that the parties agreed in the Separation Agreement would be awarded solely to Wife in exchange for removing Husband from all liability with respect to the mortgage on said property is clearly untenable, legally incorrect or amounts to a denial of justice, or whether the judgment reaches an end or purpose not justified by reason and the evidence.*

{¶20} In *Jackson v. Jackson*, this Court observed,

"Where the parties enter into a settlement agreement in the presence of the court, such an agreement constitutes a binding contract." *Tyron v. Tyron,* 11th Dist. No. 2007–T–0030, 2007–Ohio–6928, ¶ 23 *citing Walther v. Walther,* 102 Ohio App.3d 378, 383, 657 N.E.2d 332 (1st Dist.1995). "In the absence of fraud, duress, overreaching or undue influence, or of a factual dispute over the existence of terms in the agreement, the court may adopt the settlement as its judgment." *Walther* at 383, 657 N.E.2d 332. "The enforceability of an in-court settlement agreement depends upon whether the parties have manifested an intention to be bound by its terms and whether these intentions are sufficiently definite to be specifically enforced." *Tyron* quoting *Franchini v. Franchini*, 11th Dist. No.2002–G2467, 2003–Ohio–6233, ¶ 9, *citing Normandy Place Assoc. v. Beyer*, 2 Ohio St.3d 102, 105–106, 443 N.E.2d 161 (1982). As with usual contract interpretation, the court's role is to give effect to the intent of the parties. The court must examine the contract as a whole and presume that the intent of the parties

is reflected in the language of the contract.  In addition, the court looks to the plain and ordinary meaning of the language used in the contract unless another meaning is clearly apparent from the contents of the agreement. When the language of a written contract is clear, a court may look no further than the writing itself to find the intent of the parties.  "As a matter of law, a contract is unambiguous if it can be given a definite legal meaning." *Sunoco, Inc. (R & M) v. Toledo Edison, Co.*, 129 Ohio St.3d 397, 2011–Ohio–2720, 953 N.E.2d 285, ¶ 37 *citing Westfield Ins. Co. v. Galatis*, 100 Ohio St.3d 216, 2003–Ohio–5849, 797 N.E.2d 1256, ¶ 11.

5th Dist. Richland No. 12CA28, 2013-Ohio-3521, ¶22.

**{¶21}**  This Court has emphasized that "[n]either a change of heart nor poor legal advice is a ground to set aside a settlement agreement." *Pastor v. Pastor*, 5th Dist. No. 04 CA 67, 2005–Ohio–6946, ¶ 18, *citing Walther v. Walther*, 102 Ohio App.3d 378, 383, 657 N.E.2d 332 (1st Dist.1995); *Jackson,* ¶24.

**{¶22}**  In the case at bar, it should be noted that pursuant to the explicit terms of the agreement reached between Husband and Wife, Husband gave Wife "all right, title and interest" in the subject property as "her sole property." In exchange Wife agreed to remove Husband from his liability with respect to any mortgage loans. The continuing jurisdiction of the domestic relations court only encompassed "the ultimate disposition of the aforesaid *real property*" in the event Wife did not remove Husband's liability under the mortgage "within six months."

**{¶23}**  We can find no provision within the Separation Agreement that prohibits Wife from selling the property, as opposed to refinancing the property, and paying off the

mortgage. No provisions were set forth in the Separation Agreement that in the event Wife were to sell the property and satisfy the mortgage, Husband would be entitled to share in any profit from the sale. The marital residence provision was patently part of the quid pro quo of dividing marital assets.

{¶24} In the instant action, the record is devoid of any evidence Husband entered into the Separation Agreement as a result of fraud, undue influence, duress, or coercion. Husband voluntarily relinquished all of his interest in the marital residence to Wife. Husband could have contested the matter and asked the trial court to order the property sold, and any proceeds divided between the parties. He did not; rather, Husband's only request was to be relieved of his liability on the mortgage. The paperwork for the sale of the property was completed and the mortgage was extinguished on August 30, 2021, approximately one month after the six-month period. However, Husband admitted that a sale was pending during the six-month period the trial court granted Wife to refinance the property. We find Husband received the benefit of his bargain when Wife paid off the mortgage on August 30, 2021. To utilize a sports analogy, if a basketball player launches the ball toward the goal and the buzzer sounds while the ball is still in the air, the goal will count even though the basket was not actually completed before time expired.

{¶25} On March 31, 2022 at the time the trial court's entry was filed, the trial court could not exercise jurisdiction "over the ultimate disposition of the *aforesaid real property*" for the reason that neither Husband nor Wife owned the property and, in fact, had not owned the property since August 30, 2021. Clearly, on March 31, 2022 the trial court could not order the title or the property be brought back before the court for disposition because title now rested in a third party.

**{¶26}** Nor could the trial court effectuate a disposition of the Husband's liability under the terms of the mortgage. The purpose of the provision that Wife remove Husband from all liability with respect to the mortgage had been fulfilled on August 30, 2021, some seven months before the trial court's decision in this matter.

**{¶27}** The evidence in the record is clear, it was not until Husband discovered that Wife stood to make a profit from the sale of the home that Husband developed any interest in the property subsequent to the divorce.

**{¶28}** We find the trial court's decision concerning the disposition of the proceeds from the Wife's sale of her property, filed March 31, 2022, arbitrarily voided the terms and the clear intent of the Separation Agreement concerning the marital residence to which the parties had agreed. We cannot find that the intent of the language concerning the refinancing of the property was to ensure that if Wife sold the house, paid off the mortgage through the sale, and made a profit, that Husband would then have the right to a portion of that profit. Husband's liability under the mortgage had already been extinguished and the property had already been transferred seven months before the time that the trial court held the evidentiary hearing and issued its decision. Thus, the trial court's decision could have no effect on either the disposition of the "*real property*," or the Husband's liability under the mortgage for that property. We cannot find any language in the Separation Agreement or in R.C. 3105.171 that mandates the trial court order the proceeds of the sale of Wife's asset to be divided with Husband after the property had been transferred to a third party and the mortgage had been paid-off.

**{¶29}** The sole basis for the trial court's decision was that the sale had not been finalized before the expiration of the six-month time period. We find this reason to be

arbitrary and to effectively divest Wife of an asset that Husband had voluntarily given her free and clear of any claim of his. At the time of the trial court's decision Wife no longer owned the property and Husband's liability under the terms of the mortgage had been extinguished for over seven months. Thus, the intent of the Separation Agreement had been fulfilled.

{¶30} We find the trial court's disposition of the proceeds from the sale of Wife's property to be clearly untenable, legally incorrect, and amounts to a denial of justice. Further the trial court's judgment reaches an end or purpose not justified by reason and the evidence.

{¶31} Appellant-Wife's sole Assignment of Error is sustained.

{¶32} Section 3(B)(2), Article IV of the Ohio Constitution, gives this Court the power to affirm, reverse, or modify the judgment of an inferior court. Accordingly, we hold that all proceeds from the sale of the residence located at 5305 Aster Avenue, NE, Canton, Ohio 44705 are the property of Wife free and clear of any claim by Husband.

{¶33} The judgment of the Stark County Court of Common Pleas, Domestic Relations Division is reversed and this case is remanded for proceedings in accordance with our Opinion and the law.

By Gwin, J.,

Wise, Earle, P.J., and

Delaney, J., concur