[Cite as *In re J.M.P.*, 2023-Ohio-225.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE J.M.P.

A Minor Child

[Appeal by Father]

:
:
:
:
:
:

No. 111825

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 26, 2023

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. FA-18-110370

---

### *Appearances:*

Dworken & Bernstein Co., L.P.A., and Kenneth J. Cahill,
*for appellant.*

The Law Office of Susan M. Stephanoff and Nicholas G.
Haddad, *for appellee.*

MARY J. BOYLE, J.:

{¶ 1} This appeal arises from a dispute over the interpretation of a shared parenting plan executed by defendant-appellant, M.J.P. ("Father"), and plaintiff-appellee, S.M.N. ("Mother") regarding the enrollment of their minor child, J.M.P. (d.o.b. 07/14/2017), in prekindergarten. Father appeals the trial court's grant of

summary judgment in favor of Mother, finding that Mother can enroll J.M.P. in pre-kindergarten at St. Paschal Baylon School in Highland Heights, Ohio ("St. Paschal"). For the reasons that follow, we affirm.

{¶ 2} On October 18, 2021, Father and Mother entered into a shared parenting plan to address, inter alia, "issues of the major decisions concerning [J.M.P.'s] health, social situation, morals, welfare, education and economic environment." Under the parties' shared parenting plan, Mother is the residential parent for school purposes and Father agreed to pay one-half private school tuition if Mother decides to enroll the child in St. Paschal Baylon. The juvenile court adopted the shared parenting plan the following day.

{¶ 3} Eight months later, in June 2022, Father filed a motion for a restraining order to prevent Mother from "unilaterally" removing J.M.P. from the Pembroke School in Willoughby Hills, Ohio and enrolling him in prekindergarten at St. Paschal starting in fall 2022. Mother filed a motion for summary judgment, arguing that as "residential parent for school purposes," "she is the parent vested with the decision-making power on the issue of school enrollment," and that pursuant to the shared parenting plan, she has raised J.M.P. in the Catholic religion and has decided to enroll him at St. Paschal, where J.M.P. regularly attends church services. In support her of argument, Mother cited the first sentence of the shared parenting plan's "Private School Tuition" clause: "Father agrees to pay one-half (1/2) of this expense if Mother decides to enroll the child in St. Paschal Baylon." Father opposed the motion, conceding that the shared parenting plan authorizes

Mother to enroll J.M.P. in kindergarten at St. Paschal when he reaches kindergarten age in August 2023, but does not authorize Mother to make any changes to J.M.P.'s preschool at Pembroke School without first consulting with Father.

{¶ 4} On July 21, 2022, the trial court issued a judgment entry stating that the matter was before the court on Mother's motion for summary judgment and that

> [t]he Terms of the Shared Parenting Plan specifically states [sic] "If Mother decides to enroll the child in St. Paschal Baylon Pre K-Grade 4, Father's obligation shall not be more than $250.00 per month."

> The Parties in their Shared Parenting Plan anticipated possible enrollment in St. Paschal Baylon Pre-K program, therefore, Defendant-Father's Motion to Restrain same is denied.

(Judgment Entry, July 21, 2022.)

{¶ 5} It is from this judgment that Father now appeals, raising the following single assignment of error for review:

> Whether the trial court abused its discretion and/or committed plain error granting Appellee/Mother's motion for summary judgment.

{¶ 6} Father argues that the trial court erred by granting Mother's motion for summary judgment and inserting new terms into the parties' shared parenting plan. Specifically, Father argues that the term "prekindergarten" is not expressly provided by the relevant portions of the shared parenting plan, and the plan nowhere contemplates that the parties agreed to enroll J.M.P. in prekindergarten at St. Paschal. Mother argues that the shared parenting plan "vest[s her] with sole and unbridled authority" to remove J.M.P. from Pembroke and enroll him in St. Paschal because it provides that "Mother shall be the residential parent for school purposes."

{¶ 7} There is some confusion in the parties' briefs over the applicable standard of review, attributable in part to the trial court's judgment entry stating that the matter was before the trial court on Mother's motion for summary judgment, which the trial court resolved by denying Father's motion for a restraining order based on its interpretation of the parties' shared parenting plan. We interpret the trial court's judgment entry as granting summary judgment to Mother and denying Father's request for a restraining order based on its interpretation of the parties' shared parenting plan.

{¶ 8} Summary judgment is appropriate if (1) no genuine issue of any material fact remains; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and construing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). When a matter presents no issues of material fact, an appellate court reviews questions of law de novo. *Id.* In a de novo review, the appellate court affords no deference to the trial court's decision and independently reviews the record to determine whether summary judgment is appropriate. *Smathers v. Glass*, Slip Opinion No. 2022-Ohio-4595, ¶ 30.

{¶ 9} The parties' dispute focuses on the "Residence and Possession Schedule" and "Private School Tuition" provisions of the shared parenting plan. The "Residence and Possession Schedule" provides that "Mother shall be the residential parent for school purposes, shall select medical, dental, and mental health

providers, and shall agree to raise the child in the Catholic religion, choosing the parish in which the child will attend church." The "Private School Tuition" clause provides in full that

> Father agrees to pay one-half (1/2) of this expense if Mother decides to enroll the child in St. Paschal Baylon. For k-grade 4 Father's obligation shall not be more than $250.00 per month. For grades 5-8 Father's obligation shall not be more than $300.00 per month.

{¶ 10} A shared parenting plan is a contract subject to the rules of contract interpretation, with a focus on effecting the parties' intent as evidenced by the plain language of the agreement. *Glatley v. Glatley*, 8th Dist. Cuyahoga Nos. 104884, 104943, and 105179, 2018-Ohio-1077, ¶ 13, citing *Maddox v. Maddox*, 2016-Ohio-2908, 65 N.E.3d 88, ¶ 23 (1st Dist.), citing *Ellsworth v. Ellsworth*, 1st Dist. Hamilton No. C-970916, 1998 Ohio App. LEXIS 6225, 6 (Dec. 24, 1988). As we stated in *Richmond v. Evans*, 8th Dist. Cuyahoga No. 101269, 2015-Ohio-870,

> "[The] court's role is to give effect to the intent of the parties * * * as reflected in the language of the contract." *Jackson v. Jackson*, 5th Dist. Richland No. 12CA28, 2013-Ohio-3521, ¶ 22.

*Id.* at ¶ 18. *See also Grisafo v. Hollingshead*, 8th Dist. Cuyahoga No. 107802, 2019-Ohio-3763, ¶ 22, quoting *Rubins v. Rubins*, 8th Dist. Cuyahoga No. 61937, 1993 Ohio App. LEXIS 1558, 6-7 (Mar. 18, 1993) ("'The primary principle which courts must follow is that the contract must be interpreted 'so as to carry out the intent of the parties * * *.' *Skivolocki v. East Ohio Gas Co.* (1974), 38 Ohio St.2d 244, 313 N.E.2d 374.").

{¶ 11} In the instant case, a plain reading of the "Residence and Possession Schedule" and "Private School Tuition" clauses reveals that Mother is responsible

for selecting medical, dental, and mental health providers; Mother is the sole residential parent for school purposes; the parties agreed to raise J.M.P. in the Catholic religion; and Mother has the option to enroll J.M.P. at St. Paschal, and that if Mother decides to do so, Father will pay one half of J.M.P.'s tuition at St. Paschal. This language clearly demonstrates the intent of the parties: to raise their child in the Catholic religion and sending him to Catholic school, and Mother, as the sole residential parent for school purposes, decides where J.M.P. is enrolled in school. Nowhere in the shared parenting plan does it state that J.M.P. must remain at Pembroke School until he starts kindergarten at Saint Paschal's. We may not add contract terms to which the parties did not agree. Nor may the trial court. *See, e.g., Urban v. Spriestersbach*, 3d Dist. Seneca No. 13-94-26, 1995 Ohio App. LEXIS 719, at 10 (Feb. 28, 1995) ("[A] court is not empowered to give a written agreement a meaning which is not provided for in the contract language.").

{¶ 12} Therefore, based on the foregoing, we find no genuine issue of material fact and reasonable minds can come to but one conclusion — Mother is authorized under the shared parenting plan to enroll J.M.P. in prekindergarten at St. Paschal and Father is responsible for half of this tuition expense. The juvenile court properly granted summary judgment in Mother's favor and properly denied Father's motion to restrain.

{¶ 13} Father's sole assignment of error is overruled.

{¶ 14} Accordingly, judgment is affirmed.[1]

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

---

[1] At appellate oral argument, the parties represented to this court that J.M.P. was enrolled at St. Paschal's after the juvenile court denied Father's motion to restrain, that Father has not paid his one-half private school tuition, and that there are two motions to show cause filed by Mother that have been stayed during the pendency of this appeal.